Charles T. Conrad (12726)
J. Mason Kjar (14227)
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
(801) 531-8900
cconrad@fabianvancott.com
mkjar@fabianvancott.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RANDY MOWER and LISA MOWER, <br><br> Plaintiffs. <br><br> vs. <br><br> THE UNITED STATES OF AMERICA; and THE UTAH DEPARTMENT OF TRANSPORTATION, <br><br> Defendants. | **COMPLAINT AND JURY DEMAND** <br><br> Civil No. _____ <br><br> Judge _____ |

COMES NOW BEFORE THE COURT Plaintiffs Randy Mower and Lisa Mower ("Plaintiffs"), by and through counsel, who bring this Complaint against Defendants and pray for relief.

### BACKGROUND

1. On or about December 14, 2018, Randy and Lisa Mower were driving on highway 158, near the Pineview Reservoir, in Weber County, Utah. Mr. Mower was driving, and Ms. Mower was in the passenger seat.

2. There is a jagged rock face adjacent to the highway where the Mowers were driving. There were no adequate rockfall catchments, prevention structures, or protection mechanisms on the rockface or at the foot of the cliff.

3. Without warning, a boulder weighing roughly 150 pounds fell from the cliff face above the road and smashed through the truck's passenger-side windshield, nearly in front of Ms. Mower.

4. Fortunately for Ms. Mower, the boulder entered at an angle, passing by Ms. Mower. But unfortunately for both of the Mowers, the boulder hit the driver, Mr. Mower. It smashed into his body, knocking teeth loose, breaking and shattering bones, crushing organs, and causing extensive injuries. Mr. Mower sustained a head injury and was knocked unconscious.

5. Ms. Mower watched helplessly as the now-driverless truck crashed into the cliff face, demolishing the passenger side of the truck where she was sitting. Ms. Mower sustained minor injuries, but she was gripped by feelings of terror and helplessness, not knowing if she had just witnessed the death of her husband.

6. Emergency services responded, and Mr. Mower was admitted to the hospital in critical condition. Luckily, Mr. Mower survived. But since then, Mr. and Ms. Mower's lives have been dramatically changed due to the extensive physical injuries and emotional distress caused by this incident.

## PARTIES

7. Plaintiffs incorporate by reference the foregoing allegations as if fully stated herein and further allege as follows:

### The Mowers

8. At all material times, Randy and Lisa Mower were residents of Davis County, Utah.

9. Plaintiffs were, and continue to be, husband and wife.

### United States

10. The United States Forest Service ("Forest Service") is an agency of the United States Department of Agriculture ("USDA"), which is a division of Defendant United States of America ("United States").

11. At all material times, the Forest Service was responsible for the oversight, maintenance, planning, care, and ownership of the land(s) abutting Highway 158.

12. The Forest Service has a legal duty to reasonably manage or otherwise address unsafe conditions or situations about which they are or reasonably should be aware, including:

   a. To periodically conduct and create an inventory of geologic resources and hazards on the lands it owns and/or manages;

   b. To identify the presence of hazardous geologic conditions and to predict their potential to threaten life or property; and

   c. To locate, design, and maintain facilities (such as roads, trails, bridges) and other management activities to avoid, minimize, or mitigate their susceptibility to geologic hazards, including geologic hazards such as falling boulders.

13. At all material times, the Forest Service employees charged with fulfilling the above duties and obligations were acting within the scope of their office or employment.

14. At all relevant times, the Forest Service employees responsible for oversight, maintenance, planning, care, and ownership of the land(s) abutting Highway 158, were acting within the scope of their office or employment and would be liable to the Plaintiffs in accordance with Utah law if they were a private party.

15. Plaintiffs have exhausted the administrative remedies set forth in the Federal Tort Claims Act ("FTCA"), including, but not limited to, they presented an administrative tort claim to the Forest Service for adjudication within two years of accrual of this action, the Forest Service has taken no action, and more than 6 months have elapsed since the administrative tort claim was filed.

16. Therefore, the United States is a proper party pursuant to the FTCA.

### UDOT

17. Defendant Utah Department of Transportation ("UDOT") is a governmental entity in the State of Utah.

18. The Utah Department of Transportation had the legal duty to exercise reasonable care to:

    a. Investigate, analyze, and evaluate roadway safety;

    b. Design, construct, and maintain roadways in a reasonably safe condition for motorists; and

    c. Take reasonable measures to minimize or prevent dangerous conditions that would create unreasonable risks of foreseeable injury to motorists.

19. At all material times, UDOT was responsible for the oversight, maintenance, planning, care, and ownership of Highway 158.

20. The United States and UDOT are hereinafter each referred to as a "Defendant" and collectively referred to as "Defendants."

## JURISDICTION AND VENUE

21. Plaintiffs incorporate by reference the foregoing allegations as if fully stated herein and further allege as follows:

22. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under the Constitution and laws of the United States, to wit, the FTCA.

23. The Court has jurisdiction over this action and over the persons named herein pursuant to 28 U.S.C. §§ 1346(b), 2401, 2675(a).

24. The Plaintiffs complied with the FTCA.

25. The Plaintiffs timely and properly served a Notice of Claim on the Forest Service for damage, injury, or death on December 11, 2020, seeking damages arising out of the Defendant's and its employees' negligent conduct.

26. To date, the Forest Service has not denied or disposed of the Plaintiffs' claims.

27. UDOT is a governmental entity in the State of Utah.

28. Plaintiffs have filed the appropriate notices of claim to bring this action against UDOT and otherwise complied with the procedural requirements of state law governing claims against governmental entities in the State of Utah, including the requirements of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63G-7-101 *et seq*.

29. Pursuant to 28 U.S.C. § 1367, the Federal Court has supplemental jurisdiction over any state-law-related claims or arguments asserted, to the extent any are made, because they

are or would be inextricably intertwined with the federal issues raised under the FTCA, and are so related that they form part of the same case or controversy under Article III. Said differently, the causes of action herein arise from conduct that either or both parties engaged in (or omitted), such that the claims in the action form part of the same case or controversy, and failure to have all parties within the same suit would leave Plaintiffs bereft of an opportunity for complete relief, in part because Plaintiffs anticipate that the United States may apportion fault to UDOT, and UDOT may apportion fault to the United States.

30. Therefore, this Court has federal question and supplemental jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

31. Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1402(b), because the acts and omissions are alleged to have occurred in Weber County, Utah, which is in the District of Utah.

## PROCEDURAL HISTORY

32. Plaintiffs incorporate by reference the foregoing allegations as if fully stated herein and further allege as follows:

33. There is a parallel proceeding in the Utah state court system arising from the same nexus of facts as alleged in this matter, *Randy Mower et al. v. Weber County et al.*, Case No. 200906915 (the "State Matter").

34. The State Matter was initiated on Dec. 12, 2020.

35. Some initial procedural steps have been taken (including filing responsive pleadings and exchanging initial discovery).

36. However, discovery is still in the initial stages, and no depositions have been taken.

37. The parties to the State Matter have stipulated to various extensions of the discovery process to allow Plaintiffs to exhaust their administrative remedies under the FTCA, in anticipation of filing the instant Complaint.

## GENERAL ALLEGATIONS

38. Plaintiffs incorporate by reference the foregoing allegations as if fully stated herein and further allege as follows:

39. On or about December 15, 2018, Randy and Lisa Mower were traveling westbound on Highway 158, approaching the Pineview Reservoir Spillway, when a 150-pound boulder from the north side cliff face came off the cliff and through the Plaintiffs' windshield.

40. The boulder struck Mr. Mower—who was operating the Plaintiffs' GMC pickup truck at the time—knocking him unconscious.

41. Ms. Mower was sitting next to Mr. Mower in the passenger seat.

42. She watched as the 150-pound boulder smashed through the truck's windshield, passed close to her, smashed into her husband, and knocked him unconscious.

43. Unfortunately, because Mr. Mower had been rendered unconscious, he was unable to navigate the turn onto the spillway, and instead crashed into the cliff face.

44. Ms. Mower helplessly watched as the truck crashed into the cliff face, demolishing the passenger side where she sat.

45. Police and emergency medical services were called, and Plaintiffs were transported to McKay Dee Hospital, where Mr. Mower was admitted in critical condition.

46. Mr. Mower suffered extensive injuries, including, but not limited to, a traumatic brain injury, multiple rib fractures with flail chest physiology, a hemo/pneumothorax, pulmonary contusion, mandibular fracture, fractured teeth, complex right humerus fracture, a right clavicular fracture, a right scapular fracture, adrenal hemorrhage, grade 4 liver laceration, pneumoperitoneum and hemoperitoneum, hemi-diaphragmatic rupture, renal laceration, mesenteric vein thrombus, lacerations to the right ear and jaw, colonic mesentery laceration, and rhabdomyolysis.

47. As a direct and proximate result of the Defendants' negligent acts or omissions, Mr. Mower sustained serious injuries which required major surgery, and which caused permanent pain and loss of mobility.

48. As a direct and proximate result of the Defendants' negligent acts or omissions, Mr. Mower sustained serious injuries which include injuries to his brain, which have and will continue to result in challenges and difficulties in his ability to conduct his normal affairs.

49. As a direct and proximate result of Defendants' negligent acts or omissions, Mr. Mower has suffered a loss of enjoyment of life.

50. As a direct and proximate result of the Defendants' negligent acts or omissions, Mr. Mower sustained a loss in wages.

51. As a direct and proximate result of the Defendants' negligent acts or omissions, Mr. Mower has suffered a loss of earning capacity.

52. As a direct and proximate result of the Defendants' negligent acts or omissions, Mr. Mower has suffered a loss in economic opportunity.

53. As a direct and proximate result of the Defendants' negligent acts or omissions, Plaintiff suffered past, present, and future special damages including, but not limited to, his medical bills in amounts to be established at trial.

54. As a direct and proximate result of the Defendants' negligent acts or omissions, Mr. Mower suffered past, present, and future general damages, including physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, permanent impairment/disability, and increased likelihood of re-injury or aggravation in an amount to be established at trial.

55. As a direct and proximate result of the Defendants' negligent acts or omissions, Ms. Mower suffered past, present, and future general damages, emotional pain and suffering, severe emotional distress, and loss of consortium and companionship.

56. As a direct and proximate result of the Defendants' negligent acts or omissions, Ms. Mower sustained a loss in wages.

57. As a direct and proximate result of the Defendants' negligent acts or omissions, Ms. Mower has suffered a loss of earning capacity.

58. As a direct and proximate result of the Defendants' negligent acts or omissions, Ms. Mower has suffered a loss in economic opportunity.

59. As a direct and proximate result of the Defendants' negligent acts or omissions, Mr. and Ms. Mower suffered property damage.

**FIRST CAUSE OF ACTION**
**(Negligence—Against All Defendants)**

60. Plaintiffs incorporate all the preceding paragraphs as if set forth fully herein.

61. Upon information and belief, one or more of the Defendants negligently created this unsafe and dangerous condition when the mountainside was blasted, excavated, or otherwise modified, as part of the construction of Highway 158, near the Pineview Reservoir Spillway, thereby creating the rocky cliff face.

62. Upon information and belief, one or more of the Defendants negligently maintained, permitted, allowed to continue unabated, or otherwise failed to mitigate, an unsafe and dangerous condition without proper management of the rocks, boulders, and other materials that periodically fell from, and foreseeably would continue to fall from, the man-made and natural portions of the cliff-face.

63. Defendants negligently failed to keep the stretch of highway at the above-mentioned location safe from dangerous conditions, including falling rocks.

64. Upon information and belief, Defendants negligently installed, maintained, repaired and/or removed rockfall catchments, prevention structures, or protection mechanisms that was or should have been affixed to the cliff face located next to Highway 158, or otherwise was or should have been located at the foot of the cliff or near the roadway.

65. Defendants knew or should have known that it is not uncommon that you would see rocks coming off a slope such as this cliff face.

66. Defendants knew or should have known that the area at or near where Mr. Mower was injured was unsafe and dangerous.

67. One or more drivers or their vehicles had previously been injured by falling rocks or boulders at or near the area before Mr. Mower was struck by the boulder.

68. On information and belief, Defendants were aware of, or reasonably should have been aware of, prior damage and/or injuries to motorists in the past at or near the area where Mr. Mower was struck by the boulder.

69. Defendants negligently failed to warn about a dangerous and unsafe condition; although one or more Defendants installed a sign warning for "Fallen Rocks"—a warning for rocks on the ground—they failed to install and display a sign warning for "Falling" rocks from the nearby rocky hillside.

70. Defendants' fault includes, without limitation, the following:

   a. Inadequately investigated, analyzed, predicted, or evaluated the cliff and/or the roadway, and each respective surrounding area, for the presence of hazardous or unsafe conditions;

   b. Inadequately or improperly designed, constructed, or maintained the roadway and adjacent areas;

   c. Inadequately or improperly designed rock barriers, catchments, or other measures to protect motorists on or near the roadway;

   d. Inadequately or improperly installed rock barriers, catchments, or other measures to protect motorists on or near the roadway;

   e. Inadequate maintenance of the cliff face and adjacent areas;

   f. Inadequate removal of dangerous materials, including rocks and boulders, threatening the safety of motorists on or near the roadway;

   g. Inadequate warnings of the dangers presented by the nearby cliff face;

   h. Improper or inadequate placement of warning signs; and

      i.    Failure to take other action to mitigate, minimize, or prevent dangerous conditions, or otherwise mitigate the susceptibility of the cliff and roadway to geologic hazards that would create unreasonable risks of foreseeable injury to motorists, including the risk of dangerous materials falling from the cliff face onto or nearby the roadway.

71.    As a direct and proximate result of Defendants' negligent conduct, Plaintiffs incurred damages, including injury and emotional distress, as more fully alleged herein, for which all Defendants are jointly and severally liable.

## SECOND CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress—Against All Defendants)**

72.    Plaintiffs incorporate all the preceding paragraphs as if set forth fully herein.

73.    Defendants' conduct mentioned above is outrageous and intolerable, in part because they knew or should have known that rocks regularly and periodically had fallen, and would continue to fall, off this cliff face, imperiling nearby persons and motorists—and yet Defendants failed to take proper and adequate steps to mitigate the danger.

74.    Defendants' conduct mentioned above offends generally accepted standards of decency and morality or is otherwise so extreme as to exceed all bounds of what is usually tolerated in a civilized community.

75.    Defendants engaged in the aforementioned conduct either intentionally or with reckless disregard of the probability of causing severe or extreme emotional distress, such that they either acted with the intent of inflicting emotional distress, or, with no intent to cause harm, intentionally performed an act so unreasonable and outrageous that Defendants knew or should

have known it was highly probable that harm would result from rocks falling and injuring nearby persons or motorists.

76.     As a direct and proximate result of Defendants' conduct, Mr. Mower was imperiled and placed in the zone of danger of falling rocks, thereby putting him in actual physical peril, which resulted in his being struck by a 150-pound boulder, which caused severe and extreme injuries and severe and extreme emotional distress.

77.     As a direct and proximate result of Defendants' conduct, Ms. Mower was imperiled and placed in the zone of danger of falling rocks, thereby putting her in actual physical peril, which resulted in her fear of sustaining severe injuries and severe emotional distress—including when the boulder entered the truck nearly in front of her, passed closed by her, and then crushed into her husband, knocking him unconscious, causing the truck to crash into the cliff face, thereby damaging the vehicle on the passenger side where she was sitting—all of which caused her to suffer injuries and severe and extreme emotional distress.

78.     As a result of the conduct, Mr. and Ms. Mowers suffered severe or extreme emotional distress, characterized by illness or bodily harm, for which all Defendants are jointly and severally liable.

### THIRD CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress—Against All Defendants)**

79.     Plaintiffs incorporate all the preceding paragraphs as if set forth fully herein.

80.     Defendants should have realized that their negligent conduct involved an unreasonable risk of causing emotional distress to others, including the Mowers.

81.     Defendants should have realized that their negligent conduct could cause the sort of emotional distress that might result in illness or bodily harm.

82. Each Defendant's conduct unintentionally caused Mr. Mower and Ms. Mower to sustain severe emotional distress, characterized by illness or bodily harm.

83. As a direct and proximate result of Defendants' negligent conduct, Mr. Mower was imperiled and placed in the zone of danger of falling rocks, thereby putting him in actual physical peril, which resulted in his being struck by a 150-pound boulder, which caused severe injuries and severe emotional distress.

84. As a direct and proximate result of Defendants' negligent conduct, Ms. Mower was imperiled and placed in the zone of danger of falling rocks, thereby putting her in actual physical peril, which resulted in her fear of sustaining severe injuries and severe emotional distress—including when the boulder entered the truck nearly in front of her, passed closed by her, and then crushed into her husband, knocking him unconscious, causing the truck to crash into the cliff face, thereby damaging the vehicle on the passenger side where she was sitting—all of which caused her to suffer injuries and severe emotional distress.

85. As a result of the negligent conduct, Mr. and Ms. Mowers suffered severe emotional distress, characterized by illness or bodily harm, for which all Defendants are jointly and severally liable.

**FOURTH CAUSE OF ACTION**
**(Loss of Spousal Consortium—Against All Defendants)**

86. Plaintiffs incorporate all the preceding paragraphs as if set forth fully herein.

87. As a direct and proximate result of Defendants' negligent conduct, and by reason of the severe and significant physical injury and emotional injuries suffered by Mr. Mower which have substantially changed his lifestyle, Plaintiff Ms. Mower has suffered loss of

consortium, companionship, affection, and marital intimacy, incurring damages in an amount to be proved at trial, for which all Defendants are jointly and severally liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a) For special damages in amounts to be proved at trial sufficient to fully compensate each Plaintiff, including but not limited to, past and future medical expenses, lost wages, property damages, loss of household services, and other economic expenses and losses;

b) For all recoverable general or non-economic damages to be proved at trial to fully compensate each Plaintiff including, but not limited to, pain and suffering, loss of enjoyment of life, permanent impairment/disability and increased likelihood of re-injury or aggravation in an amount to be established at trial;

c) For damages in amounts to be proved at trial sufficient to fully compensate Ms. Mower for her loss of consortium;

d) For attorney's fees, expenses, and costs of this action as allowed by law;

e) For pre-judgment and post-judgment interest in the maximum amounts allowed by law; and

f) For such other relief as the court deems necessary, just, and proper.

## JURY DEMAND

The plaintiffs demand a jury trial of all issues triable by right by a jury, under Federal Rule of Civil Procedure 38(b).

Dated this 12th day of September 2022.

                                                                                                                       FABIAN VANCOTT

                                                                                                                       Charles T. Conrad
                                                                                                                       J. Mason Kjar