THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RANDY MOWER and LISA MOWER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [59] DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:22-cv-00118-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Defendant United States of America's ("United States") Motion for Summary Judgment.[1] The United States moves for summary judgment against Plaintiffs Mr. and Mrs. Mower (the "Mowers") on the basis that the Federal Torts Claim Act (FTCA) does not waive the United States' sovereign immunity from the Mowers' claims against the United States, and the court accordingly lacks subject matter jurisdiction.[2] The Mowers informed the court that they do not intend to file an opposition to the Motion for Summary Judgment.[3] For the reasons below, the court grants the United States' motion.[4]

**UNDISPUTED MATERIAL FACTS**

*SR-158 and UDOT's Unperfected Easement*

Utah State Route 158 ("SR-158") runs through the Uinta-Wasatch-Cache National Forest and alongside Pineview Reservoir, which was created by the U.S. Bureau of Reclamation

---

[1] Mot. for Summ. J., ECF No. 59, filed June 9, 2025.

[2] *Id.* ¶ 1.

[3] Resp. to Order to Show Cause, ECF No. 63, filed July 11, 2025.

[4] Having reviewed the briefing and relevant law, the court finds that oral argument would not materially assist in resolving the matter. *See* DUCivR 7-1(g).

("BOR") in 1937 when the Pineview Dam was completed.[5] Twenty years later, the BOR

enlarged the dam and modified SR-158.[6] The BOR later transferred ownership of that

surrounding area to the U.S. Forest Service ("Forest Service").[7]

  In 1984, the Utah Department of Transportation ("UDOT") and the Forest Service

created a Memorandum of Understanding (MOU) that outlines each entity's responsibilities

regarding Utah state highways on Forest Service land.[8] The MOU charges the Forest Service

"with the environmental protection and multiple use management of National forest lands and

resources" and UDOT with "providing and maintaining an adequate and integrated network of

State highways and related transportation activities."[9]

  State roads that run through Forest Service land require easements.[10] The relevant

segment of SR-158 lies within an unperfected easement.[11] A state road that does not have a

perfected easement falls under the governance of the MOU, which gives authority to UDOT to

maintain the highway within the unperfected easement.[12] The scope of the easement is measured

"between the extremities of the right-of-way easement or, where the transfer of right-of-way has

not yet occurred, within the extremities of the cut-and-fill slopes."[13] The relevant segment of SR-

159, near the Pineview Dam, is bordered on the north by a rocky cliff with a cut-and-fill slope.[14]

---

[5] Ex. C, Kovel Dep. 105:11–106:25, 108:9–21; *Pineview Dam, 1934*, Weber Univ.'s 50 Stories for 50 Years, https://exhibits.weber.edu/s/SC50/page/Pineview [https://perma.cc/LVV8-EWN6].
[6] *Pineview Reservoir*, USDA Forest Service Uinta-Wasatch-Cache National Forest, https://www.fs.usda.gov/r04/uinta-wasatch-cache/recreation/pineview-reservoir [https://perma.cc/FME3-TXJM].
[7] Ex. C, Kovel Dep. 53:15–25.
[8] Ex. F, MOU; Ex. C, Kovel Dep. 48:2–10.
[9] Ex. F, MOU 1.
[10] Ex. C, Kovel Dep. 109:2–7.
[11] *Id.* at 109:8–9.
[12] Ex. F, MOU, § F.1.c; Ex. C, Kovel Dep. 109:8–12.
[13] Ex. F, MOU, § F.1.c.
[14] Ex. C, Kovel Dep. 53:3–10, 54:4–57:15, 89:23–91:2; Ex. I, Highlighted map of Pineview Reservoir and surrounding roads.

2

In terms of state road maintenance and safety, the MOU's "Safety and signing" section charges UDOT with responsibility for signage on state roads running through Forest Service land and states that "[f]inal decisions on all signs on [state and U.S. numbered highways] rest with UDOT."[15]

*The Accident*

Mr. Mower was seriously injured when he was struck by a large rock weighing approximately 150 pounds that fell through the windshield of his pickup truck.[16] Mr. Mower was driving with his wife on SR-158 where it passes through Forest Service property in Weber County, Utah.[17] The accident occurred near the Pineview Dam where SR-158 is bordered by the reservoir on the south and the cliff face on the north.[18]

The massive rock fell from the cliff and rendered Mr. Mower unconscious when it struck him.[19] As the truck began to veer towards the reservoir, Mrs. Mower reached across to steer the truck away from the water and into the cliff wall to stop the vehicle.[20] Neither of the Mowers saw the rock before it crashed into the windshield, nor did any witnesses to the accident come forward.[21]

Mr. Mower suffered life-threatening injuries but ultimately survived.[22] Mrs. Mower sustained minor injuries from the shattered windshield.[23]

---

[15] Ex. F, MOU, § G.2.
[16] First Am. Compl. ¶¶ 1–4, ECF No. 9, filed Oct. 13, 2022; Mot. for Summ. J., ECF No. 59, ¶ 2; Ex. K, Menitove Mem. 2.
[17] *Id.*
[18] First Am. Compl. ¶¶ 1–2; Mot. for Summ. J., ECF No. 59, ¶¶ 4–5.
[19] First Am. Compl. ¶ 4; Mot. for Summ. J., ECF No. 59, ¶ 5.
[20] Ex. A, Lisa Mower Dep. 9:16–22.
[21] *Id.* 9:9–14, 11:15–20.
[22] *Id.* 24–29.
[23] *Id.* 17:9–24.

*Procedural Posture*

The Mowers filed their Complaint against Defendant United States of America[24] and

UDOT on September 12, 2022.[25] The Mowers assert that they have exhausted the administrative

remedies of the FTCA.[26] The Mowers removed UDOT as a party in their Amended Complaint

on October 13, 2022.[27] The Mowers now allege four causes of action against the United States:

(1) negligence, (2) intentional or reckless infliction of emotional distress, (3) negligent infliction

of emotional distress, and (4) loss of spousal consortium.[28] The United States filed its Motion for

Summary Judgment on June 9, 2025,[29] and the Mowers informed the court that they do not

intend to file an opposition.[30]

## STANDARD

Summary judgment is proper under Federal Rule of Civil Procedure 56(a) "if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."[31] "[T]he 'mere existence of *some* alleged factual dispute between

the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* issue of *material* fact.'"[32] "To determine whether a

---

[24] The Mowers specifically allege causes of action against the United States Forest Service ("Forest Service"), which is an agency of the United States Department of Agriculture ("USDA"). *See* First Am. Compl. ¶ 11.

[25] Compl., ECF No. 2, filed Sept. 12, 2022.

[26] The Mowers allege that the Forest Service has taken no action in the administrative tort claim that the Mowers filed against the Forest Service for adjudication and more than six months have elapsed since that claim was filed. *See* First Am. Compl. ¶ 15.

[27] *Id.* ¶ 27. The Mowers assert that they are in litigation against UDOT and "various parties" in state court (*Randy Mower et al v. Weber Cnty et al*, Case No. 200906915).

[28] *Id.* at ¶¶ 50–77.

[29] Mot. for Summ. J., ECF No. 59, filed June 9, 2025.

[30] Resp. to Order to Show Cause, ECF No. 63, filed July 11, 2025.

[31] Fed. R. Civ. P. 56(a).

[32] *Klein v. Roe*, 76 F.4th 1020, 1028 (10th Cir. 2023) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)); *see N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1171–72 (10th Cir. 2021) ("To survive a motion for summary judgment, the nonmoving party must show more than '[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position . . . there must be evidence on

'genuine issue' as to a material fact exists, [the court] consider[s] 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"[33] "Mere allegations unsupported by further evidence . . . are insufficient to survive . . . summary judgment."[34] "The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, but once the moving party has done so, the burden shifts to the non-movant to establish a genuine issue of fact."[35] The court "view[s] the evidence and draw[s] all reasonable inferences in favor of the nonmoving party."[36]

## DISCUSSION

The United States seeks summary judgment on the basis that the FTCA waiver of sovereign immunity does not apply for two reasons.[37] First, the United States alleges that the acts or omissions that form the basis for the Mowers' claims were those of UDOT, which is a contractor of the United States, and the FTCA does not apply to independent contractors.[38] Second, the United States alleges that the Mowers' claims are subject to the discretionary function exception to the FTCA's waiver of sovereign immunity.[39] The court addresses the discretionary function exception first.

---

which the jury could reasonably find for the [nonmoving party].'" (alterations in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

[33] *Klein*, 76 F.4th at 1028 (quoting *Anderson*, 477 U.S. at 252). Relevant evidence includes "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits[.]" *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005) (citing Fed. R. Civ. P. 56(c)).

[34] *James v. Wadas*, 724 F.3d 1312, 1319–20 (10th Cir. 2013) (citation omitted).

[35] *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[36] *Butler v. Daimler Trucks N. Am., LLC*, 74 F.4th 1131, 1140 (10th Cir. 2023).

[37] Mot. for Summ. J., ECF No. 59, 10.

[38] *Id.*

[39] *Id.*

I.      **The United States Is Entitled to Summary Judgment as a Matter of Law.**

"The FTCA waives the federal government's sovereign immunity for 'the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'"[40] "But the FTCA carves out several important exceptions. And 'when an exception applies, sovereign immunity remains, and federal courts lack jurisdiction.'"[41]

The court's analysis follows the Tenth Circuit's "three guiding principles" for considering waiver of sovereign immunity: "(1) that a waiver of sovereign immunity must be strictly construed, in terms of its scope, in favor of the sovereign; (2) that [e]xceptions to the FTCA are to be narrowly construed; and (3) that the party suing the government bears the burden to prove a waiver of sovereign immunity."[42]

A.     **The Discretionary Function Exception to the FTCA Waiver of Sovereign Immunity Applies.**

The Mowers seek damages for injuries that they allege were caused by the United States' negligence.[43] Specifically, they allege that the Forest Service was negligent in various ways that resulted in the accident.[44] The United States counters that the MOU confers responsibility for maintaining state roads on Forest Service property to UDOT, not the Forest Service.[45] But even assuming that the Forest Service were responsible for SR-158's safety and maintenance, the Mowers' claims fail because the undisputed material facts demonstrate that the Forest Service's decisions satisfy the discretionary function exception.

---

[40] *Elder v. United States*, 312 F.3d 1172, 1176 (10th Cir. 2002) (quoting 28 U.S.C. § 1346(b)(1)).
[41] *Ohlsen v. United States*, 998 F.3d 1143, 1154 (10th Cir. 2021) (quoting *Garling v. U.S. Envtl. Prot. Agency*, 849 F.3d 1289, 1294 (10th Cir. 2017)).
[42] *Ohlsen*, 998 F.3d 1143, 1154 (citations omitted).
[43] First Am. Compl. 14.
[44] *Id.* ¶¶ 50–61.
[45] Mot. for Summ. J., ECF No. 59, 11.

When a plaintiff alleges that the government was negligent, it must first prove that the claims do not stem from acts that are immunized from liability under the FTCA's discretionary function exception.[46] Whether this exception applies depends on a two-step test set forth by the Supreme Court in *Berkovitz*.[47] "The first step of the *Berkovitz* test requires this court to determine whether the challenged conduct 'involves an element of judgment or choice,' in which case it is discretionary and falls within the language of the exception, or whether it involves 'a federal statute, regulation, or policy that specifically prescribes a course of action for an employee to follow, in which case the exception does not apply.'"[48] If the action is determined to be discretionary, then the court must consider the second prong of the test and determine whether the action was "based on considerations of public policy."[49]

### 1. Discretionary Action

"To prevail on the first prong, Plaintiffs must demonstrate that the challenged decision involved no 'element of judgment or choice.'"[50] To do so, the Mowers must show that the Forest Service employees "violated a federal statute, regulation, or policy that is both 'specific and mandatory.'"[51] Here, the Mowers make no such showing.

Indeed, the record supports the United States' allegation that there is no statute, regulation, or policy that requires the Forest Service to maintain state roads.[52] Plaintiffs make no

---

[46] *See* 28 U.S.C. § 2680(a); *Elder* at 1176.
[47] *Berkovitz v. United States*, 486 U.S. 531, 536 (1988).
[48] *Kiehn v. United States*, 984 F.2d 1100, 1102 (10th Cir. 1993) (quoting *Berkovitz*, 486 U.S. at 536 (1988)).
[49] *Elder* at 1176 (quoting *Berkovitz*, 486 U.S. at 536–37).
[50] *Elder* at 1176–77 (quoting *Kiehn* at 1102; *accord Strawberry Water Users Ass'n v. United States*, 109 F.4th 1287, 1293 (10th Cir. 2024).
[51] *Id.* at 1177 (quoting *Aragon v. United States*, 146 F.3d 819, 823 (10th Cir. 1998)).
[52] Mot. for Summ. J., ECF No. 59, 15; Ex. F, MOU; Ex. G, Stone Decl. ¶ 6.

argument in response.[53] Furthermore, the evidence shows that the Forest Service's responsibilities over state roads are limited to evaluating potential environmental impacts or impacts to other forest resources.[54] In terms of rocks or debris on roadways, the Forest Service employee familiar with roadway management testified that there is no statute, regulation, or Forest Service policy that requires particular action regarding rocks or debris on roadways.[55] Instead, Forest Service employees charged with managing public safety on Forest Service roads "deal with potential rockfall hazards on a case-by-case basis, using [their] experience and judgment in determining what measures may need to be taken."[56] Reliance on employees' experience and judgment, particularly in the absence of specific, mandatory language, is the hallmark of discretionary conduct.

Although the MOU does have a section about safety, courts have held that general language about safety is not enough.[57] In *Elder v. United States*, the Tenth Circuit considered whether the National Park Service's safety guidelines "are sufficiently specific to remove decisionmaking under them from the discretionary function exception."[58] Although the National Park Service has a policy with "mandatory safety guidelines" that "certainly convey[] the message that safety must be a priority," the introduction to the guidelines "makes clear that safety decisions must be made in the special context of a national park and that park management

---

[53] "The [c]ourt generally considers unaddressed arguments or motions to be unopposed." *Hylton v. Bd. Of Cnty. Comm'rs for Cnty. Of Dona Ana*, No. 2:19-cv-01155, 2021 WL 1128051, at *2 (D.N.M. Mar. 24, 2021); *see Bella Monte Owners Ass'n, Inc. v. Vial Fotheringham, LLP*, No. 2:19-cv-00212, 2021 WL 5961566, at *7 (D. Utah Dec. 16, 2021) ("If a party fails to make an argument in opposition to a motion for summary judgment, that argument is waived."); *accord Pennington v. Northrop Grumman Space & Mission Sys. Corp.*, 269 F. App'x 812, 820 (10th Cir. 2008) (not selected for publication).
[54] Ex. F, MOU; Ex. C, Kovel Dep. 48:11–15.
[55] Ex. G, Stone Decl. ¶ 3.
[56] *Id.*
[57] *Elder*, 312 F.3d at 1177–78.
[58] *Id.* at 1177.

retains substantial discretion."[59] Thus, the court held that "these provisions are not sufficiently specific to satisfy the first prong of the *Berkovitz* test."[60] Likewise, the Mowers cannot establish that the Forest Service's challenged conduct is not discretionary because they have failed to point to specific language in a statute, regulation, or policy that the Forest Service's decisions about the relevant area involved "no element of judgment or choice."[61]

In sum, the Mowers have not met their burden to prove that the challenged action by the United States was not discretionary. Therefore, the court finds that the first prong of the *Berkovitz* test has not been satisfied.

## 2.    Policy Judgment

The analysis does not end there, however. "If the conduct involves discretionary judgment under the first step of *Berkovitz*, then we must apply the second step."[62]  "Under step two, 'plaintiffs may still overcome the discretionary function exception by demonstrating . . . that the nature of the actions taken does not implicate public policy concerns, or is not susceptible to policy analysis."[63]

The challenged action here is more aptly described as alleged inaction. The majority of the Mowers' allegations claim that the Forest Service did not do enough to make the segment of SR-158 where the accident occurred—between the cliff and Pineview Reservoir—sufficiently safe for motorists.[64] Regardless of whether the challenged conduct involves acts or omissions,

---

[59] *Id.* at 1177–78.
[60] *Id.*
[61] *Id.* at 1177 (quoting *Kiehn*, 984 F.2d at 1102).
[62] *Kiehn*, 984 F.2d at 1103.
[63] *Knezovich v. United States*, 82 F.4th 931, 937 (2023) (quoting *Sydnes v. United States*, 523 F.3d 1179, 1185 (10th Cir. 2008)).
[64] First Am. Compl. ¶¶ 51–61.

however, the analysis remains the same since at issue is the government's "decisions" or "judgment" that led to action or inaction.[65]

The purpose of the second prong of the *Berkovitz* test is to determine whether the discretionary judgment being challenged "is the kind that the discretionary function was designed to shield." In other words, "the exception protects only those discretionary actions or decisions which are based on considerations of public policy." Accordingly, the court must determine whether the Forest Service's discretionary judgment involves policy considerations.

Courts "presume that a government agent's discretionary actions are grounded in policy, and it is up to the challenger to allege facts showing that the actions were actually not policy-oriented."[66] To prevail on the second prong, therefore, a plaintiff "must have alleged facts which support the finding the government's actions were not grounded in policy."[67]

Here, the United States contends that decisions about the safety of motorists must balance policy factors such as public safety, costs of safety measures, environmental impacts, and the aesthetic effect on the natural landscape.[68] Indeed, any decision by the Forest Service regarding state transportation over national forest lands must align with its mandate of "environmental protection and multiple use management of National forest lands and resources.[69] For example, when there is a potential rockfall hazard on roads owned by the Forest Service, it weighs the safety risk, the cost and practicality of mitigation measures, and the potential impact of

---

[65] *Aragon*, 146 F.3d at 827 (holding that the government's "decisions" satisfied the second prong); *Hardscrabble, Ranch, LLC v. United States*, 840 F.3d 1216, 1222 (10th Cir. 2016) (explaining that the second prong considers the government's "judgment").
[66] *Hardscrabble*, 840 F.3d at 1222.
[67] *Aragon*, 146 F.3d at 827.
[68] Mot. for Summ. J., ECF No. 59, 16.
[69] Ex. F, MOU, 1.

mitigation on the natural environment.[70] All of these factors are policy considerations that place the Forest Service's discretionary judgment squarely within the type of action that the exception "was designed to shield."[71]

Because the court finds that there is no dispute of material facts and that the discretionary function exception applies when viewing the evidence and drawing all reasonable inferences in favor of the nonmoving party, the court need not address the independent contractor exception.

In short, the United States' acts or omissions satisfy the two-pronged test for the discretionary function exception. There is no evidence that Forest Service employees violated a statute, regulation, or policy with specific and mandatory language about state road safety generally or rock hazards on state roads specifically. Nor is there evidence that any acts or omissions by Forest Service employees regarding SR-158 do not implicate public policy concerns. For these reasons, the court finds that the discretionary function exception applies to the FTCA's waiver of sovereign immunity, and the court lacks jurisdiction over the claim.[72]

---

[70] Ex. G, Stone Decl. ¶ 4.
[71] *Berkovitz*, 486 U.S. at 536.
[72] *Strawberry Water Users Ass'n*, 109 F.4th at 1293 ("When the exception applies, the district court lacks jurisdiction over the claim.").

11

## ORDER

Accordingly, the court GRANTS Defendant's Motion for Summary Judgment.[73]


Signed August 25, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[73] ECF No. 64.